UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                Case No. 1:20-cr-20434-2

v.                                                      Honorable Thomas L. Ludington
                                                          United States District Judge

DAVID BARKER,

                                                          Honorable Patricia T. Morris
        Defendant.                       United States Magistrate Judge
_____/

**OPINION AND ORDER VACATING REFERRAL OF MOTIONS AND DIRECTING CLERK OF COURT TO TRANSFER MOTIONS TO UNITED STATES COURT OF APPEALS FOR SIXTH CIRCUIT**

On July 22, 2022, Defendant David Barker was sentenced to Count 6 of the Indictment, ECF No. 1, with the benefit of a Rule 11 Plea Agreement, ECF No. 66. *See* ECF No. 107.

Eleven months later, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 151, as well as a motion to appoint appellate counsel, ECF No. 153, and a motion for leave to amend his § 2255 motion, ECF No. 154. The motions were referred to Magistrate Judge Patricia T. Morris, ECF No. 155, who denied the motion to appoint and motion to amend, *see* ECF No. 156.

A month later, Defendant filed an amended § 2255 motion, ECF No. 159, a motion to amend his original § 2255 motion, ECF No. 160, and another motion to appoint counsel, ECF No. 161. These motions were also referred to Judge Morris. ECF No. 163.

The next month, Defendant appealed the denial of his first motion to appoint counsel, ECF Nos. 164; 165, and he appealed his Judgment, ECF Nos. 166; 167. A few days later, the Government filed a motion for an extension of time to reply to Defendant's § 2255 motion. ECF No. 170.

A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)); *see also Workman v. Tate*, 958 F. 2d 164, 167 (6th Cir. 1992).

Defendant's Notices of Appeal divest this Court of jurisdiction to consider any of the pending motions. Jurisdiction over Defendant's sentencing was transferred to the Sixth Circuit Court of Appeals upon the filing of the Notice of Appeal of his Judgment; thus, the parties' motions, which all relate to Defendant's Judgment and sentence, may be addressed by only the Sixth Circuit. *See Grizzell v. Tennessee,* 601 F. Supp. 230, 232 (M.D. Tenn. 1984). This Court will, therefore, direct the Clerk of the Court to transfer the parties' motions to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Accordingly, it is **ORDERED** that the Order Referring Motions to Magistrate Judge Patricia T. Morris, ECF No. 163, is **VACATED**.

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer Defendant's Motion to Vacate Sentence, ECF No. 151, Defendant's Amended Motion to Vacate Sentence, ECF No. 159, Defendant's Motion for Appointment of Counsel, ECF No. 161, and the Government's Motion for Extension, ECF No. 170, to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

Dated: August 10, 2022                    s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge