UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID BARKER,

    *Petitioner*,

v.

UNITED STATES OF AMERICA,

    *Respondent*.

CRIMINAL CASE NO. 20-cr-20434-2
CIVIL CASE NO. 22-cv-11302

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE and on PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL (ECF Nos. 151, 159, 161)**

**I.    RECOMMENDATION**

For the following reasons, **IT IS RECOMMENDED** that Petitioner's motion to vacate (ECF Nos. 151 and 159) be **DENIED** and that the civil case be **DISMISSED**. It is further recommended that Petitioner's motion for appointment of counsel be **DENIED**. (ECF No. 161.)

**II.    REPORT**

    **A.    Background**

On April 8, 2021, David Barker ("Petitioner") pleaded guilty to Count 6 of the Indictment, which charged him with distribution of more than 28 grams of cocaine base under 21 U.S.C. § 841(a) and 841(b)(1)(B)(iii) pursuant to a Rule 11 plea agreement. (ECF No.66.) On July 23, 2021, a judgment entered sentencing Petitioner to 262 months to be followed by eight years of supervised release. (ECF 107.) Petitioner filed his first

motion to vacate on June 9, 2022 (ECF No. 151) and an amended motion on July 19, 2022 (ECF No. 159) but then filed a notice of interlocutory appeal on August 1, 2022 (ECF No. 164) and a notice of appeal on August 3, 2022 (ECF No. 166.) The Sixth Circuit dismissed the appeals as untimely. (ECF Nos. 182, 183, and 184.) The motions cited above were referred to the undersigned magistrate judge. (ECF Nos. 155, 165, 186.)   Respondent has filed a response. (ECF No. 189). The court has considered all the arguments raised in the briefs.

**B.    Standards**

To prevail on a § 2255 motion "'a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of section 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing a "'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks omitted)). Ineffective assistance of counsel claims "may be

brought in a collateral proceeding under § 2255 whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003).

Claims of ineffective assistance of counsel are governed by the U.S. Supreme Court's rule pronounced in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court enunciated a two-pronged test that must be satisfied to prevail on an ineffective assistance of counsel claim. First, the movant must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness. *Id.* at 688. "Constitutionally effective counsel must develop trial strategy in the true sense—not what bears a false label of 'strategy'—based on what investigation reveals witnesses will actually testify to, not based on what counsel guesses they might say in the absence of a full investigation." *Ramonez v. Berghuis*, 490 F.3d 482, 488 (6th Cir. 2007). Second, the movant must show that he was prejudiced by the deficiency to such an extent that the result of the proceeding is unreliable. *Strickland*, 466 U.S. at 688. It is not enough to show that the alleged error "had some conceivable effect on the outcome of the proceeding." *Id.* Rather, the movant must show that, but for counsel's errors, the result would have been favorably different. *Id.* at 693. Failure to make the required showing under either prong of the *Strickland* test defeats the claim. *Id.* at 700.

The Supreme Court has explained that "[t]he essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered

3

suspect." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). This language highlights the Supreme Court's consistent view that the Sixth Amendment right to counsel is a safeguard to ensure fairness in the trial process.

In *Lockhart v. Fretwell*, 506 U.S. 364 (1993), the Court clarified the meaning of "prejudice" under the *Strickland* standard, explaining:

> Under our decisions, a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.' . . . Thus, an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.

*Lockhart*, 506 U.S. at 369 (citations omitted).

Where a claim for ineffective assistance of counsel is brought following a guilty plea, the "prejudice requirement 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.'" *Utley v. United States*, 2016 WL 337750, at *6 (E.D. Mich. Jan. 28, 2016) (Lawson, J.) (*quoting Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "'In other words, . . . the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id*. (citations omitted). However, the Supreme Court has explained that "'*Hill* does not, however, provide the sole means for demonstrating prejudice' . . . . [P]rejudice may lie where a petitioner demonstrates that counsel's deficient performance infected his decisionmaking process, and thus undermines confidence in the outcome of the plea process." *Rodriguez-Penton v. United*

4

*States*, 905 F.3d 481, 487–8 (6th Cir. 2018) (*quoting Missouri v. Frye*, 566 U.S. 134, 141–2 (2012) and *citing Lee v. United States*, 137 S. Ct. 1958, 1967 (2017)).

### C. Analysis and Conclusions

Petitioner argues that trial counsel was ineffective for: (1) failing to challenge the indictment and failing to file pretrial motions challenging his arrest and violation of the Fourth Amendment (ECF No. 151, 159); (2) misrepresenting the consequence of his plea because he was promised his sentence would be for 120 months but he was actually sentenced to 262 months because of enhancements that were not previously discussed with him (ECF No. 151, 159); and (3) failing to object to career offender and aiding and abetting enhancements. (ECF No. 159.) Petitioner contends he would not have entered into the plea agreement had he known he could be sentenced higher than 120 months. (ECF No. 151 PageID.1038, 159 PageID.1068.)

As to Petitioner's first ground, although Petitioner claims his attorney was ineffective for not challenging the indictment and his arrest, he does not specify what actions or omissions were unconstitutional. He cites Rule 41(h) which governs motions to suppress but again does not specify what actions would give rise to a motion to suppress. He also cites *Northrop v. Trippett*, 255 F.3d 372 (6th Cir. 2001). Northrop is a state habeas claim case brought under 2254 so it has no application here. Even if it did, Petitioner does not indicate what facts support any Fourth Amendment claim, let alone how counsel was alleged to be deficient in failing to raise such claim. Since this argument

5

is devoid of factual allegations or citations to the record, it is deemed waived. *United States v. Keller*, 498 F.3d 316, 326 (6th Cir. 2007) ("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")

As to Petitioner's second and third grounds, his allegations are contradicted by his sworn statements at the plea hearing. Although Petitioner claims he was unaware of sentencing enhancements and was promised his sentence would be for 120 months, there was a notice of penalty enhancement filed on February 11, 2021 (ECF No. 53) and the Rule 11 plea agreement provided that the term of imprisonment required a mandatory minimum sentence of 120 months as to Count 6, and further delineated factual stipulations for sentencing guideline purposes including career offender guideline provisions and the amount of cocaine base involved which set the base offense level. (ECF No. 66, PageID.18. 187-188.) In addition, during the plea colloquy, Petitioner indicated he understood the mandatory minimum and maximum penalty provisions (ECF No. 177, PageID.1139-1140), that he understood the terms of the plea agreement, was not surprised by anything government counsel stated when summarizing the plea agreement, and was satisfied with his attorney's advice. (ECF No. 177.PageID.1149.) Petitioner promised that if he had any questions whatsoever about what could possibly happen to him because of the terms of the plea agreement that he would ask them during the plea hearing. (ECF No. 177, at 1151-1152.) Petitioner also indicated that no one had made any promises to him

other than those stated in the plea agreement and specifically that no one had promised him that Judge Ludington would sentence him to any certain number of months. (ECF No. 177.PageID.1154-1155.) Government counsel thoroughly quoted from the plea taking transcript and defeated any potential argument challenging the validity of the plea taking process. (ECF No. 189, PageID.1195-1200.)

Where, as here, the court "has scrupulously followed the required procedure [under Rule 11], the defendant is bound by his statements in response to the Court's inquiry." *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993). Since courts must be able to rely on a defendant's statements during a plea colloquy, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *Bennett v. United States*, Nos. 2:10-CR-116, 2:14-CV-216, 2017 WL 160896, E.D. Tenn. Jan. 13 2017) (citations omitted).

I therefore suggest that Petitioner has not alleged any cognizable claims and that his motion to vacate sentence (ECF Nos.151, 159) should be denied. I further recommend his motion for appointment of counsel be denied as moot.1 (ECF No. 161.)

---

1 Even if the court considered the merits of his request for appointed counsel, the result would be the same. Although federal district courts have the discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's sound discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*,

### D. Evidentiary Hearing

Section 2255 states that

> [u]nless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b). The Sixth Circuit has "observed that a Section 2255 petitioner's burden for establishing an entitlement to an evidentiary hearing is relatively light." *Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003) (citation omitted). "In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007).

On the other hand, no hearing is required if the motion's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted). Additionally,

---

992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present the court must consider the nature of the case, the complexity of the factual and legal issues involved, and the plaintiffs' ability to represent themselves. *Id*. at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corrections*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiffs' ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). If the claims are frivolous or have "extremely slim" chances of success, the court should not appoint counsel. *Richmond*, 450 F. App'x at 452. Here, Petitioner has had no difficulty in filing motions on his own or putting forth his claims; unfortunately, for petitioner, his claims simply lack merit.

> The words 'grant a prompt hearing' are not magic words requiring a district judge, who is fully familiar with the circumstances under which a guilty plea was made, to duplicate procedures and conduct a hearing to resolve alleged fact issues which can and should be decided on the record that already exists.

*United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993).

In the instant case, there is no material factual dispute that a hearing could address. I therefore suggest that Petitioner is not entitled to a hearing on the allegations raised in his motion.

### E. Conclusion

For the reasons stated above, I recommend the motions to vacate (ECF No. 151, 159) be **DENIED** and any civil case **DISMISSED**. I further recommend that his motion for appointment of counsel (ECF No. 161) also be denied.

### III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party

may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 5, 2023                                s/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge