UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                    Case No. 1:20-cr-20434-2

v.                                                Honorable Thomas L. Ludington
                                                  United States District Judge
DAVID BARKER,

                    Defendant.                    Honorable Patricia T. Morris
                                                  United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING
DEFENDANT'S MOTIONS TO VACATE AND MOTION FOR APPOINTED COUNSEL**

        This matter is before this Court upon Plaintiff's objections to the Magistrate Judge's Report

and Recommendation (R&R). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure

72(b)(3), the portions of the R&R to which Defendant properly objects are reviewed *de novo*.

        Defendant's objections will be overruled, the R&R will be adopted, and Defendant's

motions will be denied.

**I.**

        After pleading guilty to distributing more than 28 grams of crack, 21 U.S.C. § 841(a)(1),

(b)(1)(B)(iii), Defendant David Barker was sentenced to 262 months' imprisonment followed by

8 years of supervised release. ECF No. 107.[1]

---

[1] Defendant's sentence runs concurrent with his 36-month sentence for violating the terms of his
supervised release in *United States v. Barker*, No. 1:02-CR-20054-5 (E.D. Mich. Apr. 23, 2021),
ECF No. 194. That term of supervised release was following Defendant's 18-month term of
imprisonment consequent to him pleading guilty to distribution and aiding and abetting
distribution of crack, 18 U.S.C. § 2; 21 U.S.C. § 841(a)(1). *See United States v. Barker*, No. 1:02-
CR-20054-5 (E.D. Mich. Feb. 5, 2004), ECF No. 126.

Eleven months later, Defendant filed a motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 151, a motion to appoint appellate counsel, ECF No. 153, and a motion for leave to amend his § 2255 motion, ECF No. 154. They were referred to Magistrate Judge Patricia T. Morris, ECF No. 155, who denied the Motion to Appoint and the Motion to Amend, *see* ECF No. 156.

A month later, Defendant filed an amended § 2255 motion, ECF No. 159, a motion to amend his original § 2255 motion, ECF No. 160, and another motion to appoint counsel, ECF No. 161. These motions were also referred to Judge Morris. ECF No. 163. Then Defendant appealed the denial of his first Motion to Appoint Counsel, ECF Nos. 164; 165, and his Judgment, ECF Nos. 166; 167. All his pending motions were transferred to the Sixth Circuit for lack of jurisdiction. ECF Nos. 171; 181. The Sixth Circuit dismissed the appeal of those motions for lack of jurisdiction. ECF Nos. 173; 174. Then the appeal of Defendant's Judgment was denied as untimely, ECF No. 182, and the three transferred motions were remanded, ECF No. 184, and then referred to Judge Morris, ECF Nos. 186; 187.

Judge Morris has since issued an R&R to deny Defendant's Motion to Vacate, Amended Motion to Vacate, and Motion for Counsel. ECF No. 192. Defendant objects. ECF No. 193.

## II.

### A.

The parties may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). The parties must state any objections with specificity within a reasonable time. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). Failure to file specific objections is a waiver of any further right of appeal. *Id.* at 155; *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505,

505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Parties may not "raise at the district court stage new arguments or issues that were not presented" *before* the magistrate judge's final R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

When reviewing an R&R *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021).

### B.

Defendant has filed seven objections, which will be addressed in turn. ECF No. 193.

### 1.

First, Defendant objects "that the Court impermissibly denied him counsel throughout the 2255 proceeding in violation of his Sixth and Fourteenth Amendment rights." ECF No. 193 at PageID.1231 (citing 28 U.S.C. § 2255(g)). He adds that he is entitled to counsel under 18 U.S.C. § 3006A. *Id.* at PageID.1231–32. He concludes that Judge Morris's "failure to conduct any inquiry into [his] motion violated due process. *Id.* at PageID.1232 (citing *United States v. Gonzales*, 1113 F.3d 1026 (9th Cir., 1997)).

But that objection will be overruled because Defendant "did not make that argument to Judge Morris." *Austin v. Stapleton*, No. 1:22-CV-11895, 2022 WL 4286847, at *3 (E.D. Mich. Sept. 15, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Yet that argument would fail on the merits too. As Judge Morris said, Defendant is not entitled to counsel because he "has had no difficulty in filing motions on his own or putting forth his claims[, which] simply lack merit." ECF No. 192 at PageID.1227. Indeed, Defendant has a

seasoned history of filing *pro se* motions on complex legal issues in his criminal cases, so the interests of justice do not warrant counsel here. *See United States v. Curney*, 581 F. Supp. 3d 910, 912 (E.D. Mich. 2022) (denying motion to appoint counsel because defendant "filed an intelligible pro se motion for the same relief less than four months ago"); *United States v. Wright*, 596 F. Supp. 3d 967, 969 (E.D. Mich. 2022) (same because First Step Act "motions do not involve complex facts or legal doctrines that would prevent him from effectively bringing the motion on his own behalf"). "And Defendant has provided no explanation for his request." *United States v. Hogg*, No. 1:11-CR-20220, 2022 WL 4369954, at *2 (E.D. Mich. Sept. 21, 2022).

And, generally, a motion to vacate a sentence under § 2255 does not warrant appointed counsel because it does not involve complex facts or legal doctrines that would prevent defendants from effectively bringing the motion on their own behalf. *See MacLloyd v. United States*, 684 F. App'x 555, 561 (6th Cir. 2017) (unpublished) ("Finally, the burden for receiving an evidentiary hearing under § 2255 is light."). Nor has Defendant argued as much. *See* ECF No. 161.

**2.**

Second, Defendant objects that "the district court impermissibly recharact[e]rized his civil 2255 docket . . . to circumvent litigation on the merits." ECF No. 193 at PageID.1232 (citing *Castro v. United States*, 540 U.S. 375 (2003)). The problem, he says, is that the Clerk of the Court should have docketed his § 2255 petition in a new case number rather than in the above-captioned criminal case. *See id.* at PageID.1233.

But that objection will be overruled because Defendant "did not make that argument to Judge Morris." *Austin v. Stapleton*, No. 1:22-CV-11895, 2022 WL 4286847, at *3 (E.D. Mich. Sept. 15, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

Yet that argument would fail on the merits too. For one thing, Defendant cites no legal authority requiring a § 2255 petition to be filed under a new case number. Even if he did, he has not stated with particularity how the consolidation might have prejudiced him. *Cf. Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006) ("If Petitioner fails to prove either deficiency or prejudice, then Petitioner's ineffective assistance of counsel claims must fail." (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)); *McCormick v. Brzezinski*, No. 08-CV-10075, 2009 WL 174129, at *3 (E.D. Mich. Jan. 23, 2009) (denying reconsideration because "no prejudice resulted from th[e purported] error").

**3.**

Third, Defendant objects that "the Court failed to properly apply *Northrop v. Trippett*, 265 F.3d 372 (6th Cir. 2001) as advanced in ground one of his motion." ECF No. 193 at PageID.1233–34. In sum, he opposes Judge Morris's refusal to apply *Northrop* because it involved a § 2254 petition, which he "asserts . . . is frivolous and lack merit" because Northrop was "a decision resulting from the district court in Bay City, Michigan." *Id.* at PageID.1233.

But that argument lacks merit. As Judge Morris stated, Defendant "waived" that argument because, "[e]ven if [*Northrop* applied], Petitioner d[id] not indicate what facts support any Fourth Amendment claim, let alone how counsel was alleged to be deficient in failing to raise such claim." ECF No. 192 at PageID.1224–25 (citing *United States v. Keller*, 498 F.3d 316, 326 (6th Cir. 2007)). Although Defendant's failure to state the factual basis for his claim more likely is "forfeiture" rather than "waiver," it nevertheless means that "he forfeits the argument." *See United States v. Montgomery*, 998 F.3d 693, 697–98 (6th Cir. 2021). True, he now provides those facts in his objections. See ECF No. 193 at PageID.1233–34. But that objection will be overruled because Defendant "did not make that argument to Judge Morris." *Austin v. Stapleton*, No. 1:22-CV-11895,

2022 WL 4286847, at *3 (E.D. Mich. Sept. 15, 2022) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

**4.**

Fourth, Defendant objects that "defense counsel misrepresented the consequences of the plea relevant to the decisionmaking process," meaning that "the plea was not intelligent, knowing, and voluntary." ECF No. 193 at PageID.1234 (first citing *Padilla v. Kentucky*, 559 U.S. 356 (2010); and then citing *Boykin v. Alabama*, 395 U.S. 238 (1969)).

Although he raised the same exact argument to Judge Morris, *see* ECF No. 191 at PageID.1215, he "has made no effort to demonstrate a flaw in Judge Morris's analysis," *Lewis v. Sole L., PLLC*, No. 1:21-CV-12846, 2022 WL 4365706, at *3 (E.D. Mich. Sept. 21, 2022). Yet Judge Morris rejected that argument as "contradicted by [Defendant's] sworn statements at the plea hearing." ECF No. 192 at PageID.1225. True, he adds the conclusory assertion that the R&R "is frivolous and lacks merit" because it "provided no documentation in support of the conclusion that [Defendant's] allegations are contradicted by the record." ECF No. 193 at PageID.1234–35. But Defendant's statement is simply not true, as Judge Morris addressed every aspect of that argument with direct citations to the record. *See* ECF No. 192 at PageID.1225–24. Therefore, this objection will be overruled. *Lewis*, 2022 WL 4365706, at *3 ("A district court is 'not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.'" (citations omitted)).

However, this objection also fails on the merits. Neither the R&R nor the record reveal an error in Judge Morris's finding that Defendant entered his plea knowingly, intelligently, and voluntarily. And, even if there was, Defendant waived his objections in that regard by not filing those objections before this Court adopted the R&R that recommended that this Court accept

Defendant's guilty plea, which was the entire reason that his plea was accepted. *See* ECF No. 79 at PageID.241.

**5.**

Fifth, Defendant makes the same objection that the R&R is frivolous and lacks merit because it "provides no documentation in support of th[e] contention" that "no harmful error occurred" when Defendant entered the plea agreement knowingly, intelligently, and voluntarily. ECF No. 193 at PageID.1235.

But this fifth objection will be overruled because it is subsumed by the fourth objection. And it fails for the same reasons that the fourth objection failed. *See* ECF No. 192 at PageID.1225–26; discussion *supra* Section II.B.4; *see also Lewis*, 2022 WL 4365706, at *3 ("A district court is 'not obligated to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.'" (citations omitted)).

**6.**

Sixth, Defendant raises another objection that reraises an argument that Judge Morris already considered and denied: that the Government was permitted "to introduce and apply sentencing enhancements at the lower preponderance of the evidence standard" rather than "the heightened clear and convincing standard." *See* ECF No. 193 at PageID.1236 (citing *Blakely v. Washington*, 542 U.S. 296 (2004)).

But that objection does not identify any flaw in Judge Morris's analysis. *See id.* Indeed, it does not make a single substantive citation to or even reference the R&R. *See id.* Rather, it is directed at the events of his sentencing. Therefore, this objection will be overruled. *Lewis*, 2022 WL 4365706, at *3 ("A district court is 'not obligated to reassess the same arguments presented

before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation.'" (citations omitted)).

Yet it would fail on the merits too. Defendant's "non-constitutional challenge to his advisory guidelines range suffers from a greater defect: it is not cognizable under § 2255." *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018). This is because "improperly being consider a career offender for Guidelines purposes is not a manifest miscarriage of justice and so is not cognizable on a § 2255 habeas petition." *United States v. Alexander*, No. 1:04-CR-00529, 2019 WL 4511521, at *3 (N.D. Ohio Sept. 18, 2019) (citing *Bullard v. United States*, 937 F.3d 654, 660–61 (6th Cir. 2019)).

And, as Judge Morris stated, the record demonstrates that Defendant was well aware of the potential enhancements that he was facing. ECF No. 192 at PageID.1225. Yet—far from objecting— Defendant "indicated he understood the mandatory minimum and maximum penalty provisions, that he understood the terms of the plea agreement, was not surprised by anything government counsel stated when summarizing the plea agreement, and was satisfied with his attorney's advice." *Id.* (citations omitted). Because Defendant "did not object to the preponderance of the evidence standard at his resentencing and even appeared to acknowledge this standard," his enhancement argument "is a nonstarter." *United States v. Louchart*, 579 F. App'x 492, 495 (6th Cir. 2014) (unpublished).

### 7.

Finally, Defendant again objects that he is entitled to an evidentiary hearing because "the Magistrate has failed to provide documentation of records that would disprove Barker's claims for relief other than the mere statements unsupported by the record or precedent." ECF No. 193 at PageID.1237.

But the final objection will be overruled because it asks this Court "to reassess the same arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Lewis*, 2022 WL 4365706, at *3 (citations omitted).

And the final objection lacks merit. *See* ECF No. 192 at PageID.1227–28. As Judge Morris explained, Defendant is not entitled to an evidentiary hearing, because his "allegations 'cannot be accepted as true because they are contradicted by the record.'" *Id.* (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). Thus, "there is no material factual dispute that a hearing could address." *Id.* at PageID.1228. Indeed, the record clearly demonstrates that Defendant entered his plea knowingly, intelligently, and voluntarily. *See* ECF Nos. 177 at PageID.1139–55; 189 at PageID.1195–200. Thus, his § 2255 arguments completely lack merit.

### III.

Accordingly, it is **ORDERED** that Defendant's Objections, ECF No. 193, are **OVERRULED**.

Further, it is **ORDERED** that Report and Recommendation, ECF No. 192, is **ADOPTED**.

Further, it is **ORDERED** that Defendant's Motion to Vacate Sentence Under § 2255, ECF No. 151, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Defendant's Amended Motion to Vacate Sentence Under § 2255, ECF No. 159, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that Defendant's Motion for Counsel, ECF No. 161, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case**.


Dated: January 20, 2023                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge